891 F.2d 294
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Simeon Viloria ARELLANO, Petitioner-Appellant,
v.
Ernest E. GUSTAFSON, District Director, INS, Respondent-Appellee.
 No. 88-6456.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 27, 1989.*
Decided Dec. 1, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On September 13, 1984, appellant Simeon Arellano, citizen of the Philippines, petitioned for naturalization under sections 701 and 702 of the Nationality Act of 1940, Pub.L. No. 76-853, 54 Stat. 1137, as amended by the Second War Powers Act of 1942, section 1001, Pub.L. No. 77-507, 56 Stat. 182. The district court denied Arellano's petition based on its reading of INS v. Pangilinan, 108 S.Ct. 2210 (1984). We affirm.
 
 
 3
 Section 701 exempted non-citizens from many ordinary naturalization requirements. Section 702 extended section 701 to non-citizens living abroad who served in the United States Armed Forces and petitioned for naturalization before officials designated by the INS Commissioner. Pangilinan, 108 S.Ct. at 2213. The exemptions expired on December 31, 1946, by the terms of the Second War Powers Act. Id. The American vice consul was designated to naturalize aliens in Manila in August 1945. From October 1945 to August 1946, however, the vice consul's authority was revoked, and no other official designated by the INS was present in the Philippines to perform naturalizations. Id. at 2214.
 
 
 4
 The district court found, and the finding is not disputed in this appeal, that Arellano sought to petition for naturalization while serving for the United States Armed Forces, during the time that no qualified official was present in the Philippines to perform naturalizations.
 
 
 5
 Arellano filed a petition for naturalization with the district court in 1984. The district court denied Arellano's petition, relying on Pangilinan. The United States Supreme Court held in Pangilinan that courts are powerless to naturalize petitioners under the expired sections 701 and 702. Pangilinan, 108 S.Ct. at 2216. The district court recognized that the petitioners in Pangilinan were Philippine citizens who served in the United States Armed Forces, but who did not seek to petition for naturalization while on active duty, as Arellano had. Nevertheless, the district court reasoned that the rationale of Pangilinan applied equally to persons in Arellano's position, who did petition while on active duty.
 
 
 6
 Since the district court's decision, we have confirmed that Pangilinan applies to petitioners who unsuccessfully sought naturalization while on active duty. Agcaoili v. Gustafson, 870 F.2d 462, 464 (1989). Arellano falls within this category. The due process concerns expressed by Arellano in his reply brief are discussed in Agcaoili. We therefore affirm the district court's denial of Arellano's petition.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3